# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| **THE PEOPLE OF THE STATE OF CALIFORNIA,** <br><br> Plaintiff, <br><br> v. <br><br> **DAVANTHONI LEWRENCE CONNERS,** <br><br> Defendant. | Case No. LA CV 17-01995-VBF (AFM) <br><br> **ORDER REMANDING CASE TO STATE COURT** |

On March 13, 2017, defendant Conners purported to remove his criminal action, Case No. BA447941, from Los Angeles County Superior Court to this Court by filing a "Notice of Removal" in which he cites 28 U.S.C. §§ 1443 and 1455. *See* CM/ECF Document ("Doc" 1). Defendant also filed a request to proceed in forma pauperis (Doc 3), which will be denied by separate order in light of the remand.

Defendant contends that he is removing a state-court criminal proceeding to this District Court. First, defendant indicates that he is a descendent of two Indian Tribes, which he contends have "original jurisdiction pursuant to" 25 U.S.C. §§ 1911 and 1920. (Doc 1 at 1-2.) The cited statutes, however, pertain solely to jurisdiction over child custody matters and are not relevant herein. Defendant cites

no other basis for removal arising from his Native American status.

In addition, to support the removal of his state-court criminal proceeding, defendant cites 28 U.S.C. §§ 1443, 1455(a), 1455(b)(2) (Doc 1 at 1, 2, 5), and he argues that he has been deprived of "fundamental rights" during the investigation, arraignment, and preliminary hearing of his criminal matter in state court (*id.* at 2-4). The documents attached to the Request reflect that a Felony Complaint for an Arrest Warrant was executed on June 28, 2016, charging defendant with various violations of the California Penal Code. (*Id.* at 6-10).

**"Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."** *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (internal citations omitted). Further, the "'strong presumption' against removal jurisdiction means that the [removing party] always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). *See, e.g., Rancho Horizon, LLC v. Sabanayagam*, 2013 WL 12123987, *1 (C.D. Cal. Feb. 28, 2013) (George King, C.J.) ("Defendant's notice of removal of this state[-]court unlawful detainer action is insufficient to overcome the 'strong presumption against removal jurisdiction' and to meet the removing party's burden of 'establishing that removal is proper.'") (quoting *Gaus*, 980 F.2d at 566, and *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009)). "Because the court applies a presumption against removal jurisdiction, it may deny such jurisdiction 'if not affirmatively apparent from the record.'" *Ley's v. Lowe's Home Ctrs, Inc.*, 601 F. Supp.2d 908, 916 n.10 (W.D. Mich. Jan. 9, 2009) (cites omitted).

**In addition, "all disputed questions of fact and all ambiguities in the controlling state law must be resolved in favor of remand to state court."** *Chen v. Saint Jude Medical, LLC*, 2017 WL 1289822, *3 (C.D. Cal. Apr. 5, 2017)

2

(Cormac Carney, J.) (citing *Hunter*, 582 F.3d at 1042).

Moreover, the Court has a "duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties [have] raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447 subsection c.

**When a state-court prosecution is removed, t**he Court must "examine the notice [of removal] promptly" upon its filing, and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

Further, § 1455 is merely a procedural mechanism for removal of a criminal case; it does not provide any substantive grounds to support removal. Rather, the jurisdictional bases for removal of criminal actions are set forth in 28 U.S.C. §§ 1442, 1442a and 1443. Sections 1442 and 1442a are inapplicable here because defendant does not allege that he is a federal officer or member of the armed forces.

Pursuant to § 1443, any defendant may remove a criminal prosecution to federal court if he seeks to − and, because of state law, cannot − assert a defense to the prosecution based on federal laws protecting equal civil rights. *See* 28 U.S.C. § 1443; *Patel v. Del Taco, Inc.,* 446 F.3d 996, 998-99 (9th Cir. 2006). Although defendant alleges that his arrest, arraignment, and detention in connection with the prosecution violated his constitutional rights, a prosecution that "is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1)." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975); *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970) ("[b]ad experiences with the particular court in question will not suffice" for 1443 removal).

The Supreme Court has held that removal under § 1443(1) will be permitted

only if the defendant can satisfy a two-part test. *See Johnson*, 421 U.S. at 219. First, a defendant "must assert, as a defense to the prosecution, rights that are given to [him] by explicit statutory enactment protecting equal racial civil rights." Second, he "must assert that the state courts will not enforce that right," supporting the assertion by reference to a specific state statute or constitutional provision. *Patel*, 446 F.3d at 998-99 (citing *Georgia v. Rachel*, 384 U.S. 780, 788-92 (1966)).

**Here, defendant cites no state law, whether constitutional or statutory or otherwise, that can be expected to prevent him from enforcing his federal constitutional or statutory civil rights. Accordingly, defendant has failed to show that the state-court criminal proceeding is removable under § 1443.** *See City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 832 (1966) (rejecting defendants' argument that they were entitled to remove their criminal misdemeanor proceedings to federal court based on their race and their belief they would be unable to obtain a fair trial in the state court, noting that if this interpretation were to prevail, "every criminal case in every court of every State − on any charge from a five dollar misdemeanor to first-degree murder − would be removable to a federal court upon a petition alleging (1) that the defendant was being prosecuted because of his race and that he was completely innocent of the charge brought against him, or (2) that he would be unable to obtain a fair trial in the state court").

For these reasons, the Court finds that defendant has failed to satisfy his burden of establishing this Court's subject-matter jurisdiction over his state-court criminal proceeding. Because defendant has failed to establish a basis for removal, the Court lacks jurisdiction, and the case will be remanded to state court.

**ORDER**

**Pursuant to 28 U.S.C. § 1455(b)(4), this matter is summarily remanded**

**to the Los Angeles County Superior Court for all further proceedings.**

Dated: Wednesday, April 12, 2017

*/s/ Valerie Baker Fairbank*

_____

VALERIE BAKER FAIRBANK
Senior United States District Judge